**NEW HAMPSHIRE GAS & ELECTRIC CO. et al. v. MORSE et al.**

District Court, D. New Hampshire.
July 12, 1930.

Ralph W. Davis, Atty. Gen., Winthrop Wadleigh, Asst. Atty. Gen., and Louis E. Wyman, of Manchester, N. H., for defendants.

Before BINGHAM, Circuit Judge, and MORTON and MORRIS, District Judges.

MORRIS, District Judge.

This is an action pendente lite brought under section 266 of the Judicial Code (U. S. Code, title 28, § 380 [28 USCA § 380]), to restrain the Public Service Commission of New Hampshire from carrying out an order of the commission made May 15, 1930, for examination with reference to matters and things set forth in its order the material parts of which are hereinafter quoted at length.

Of the plaintiffs, the New Hampshire Gas & Electric Company and the Derry Electric Company are New Hampshire public utility corporations with principal places of business at Portsmouth and Derry, N. H., respectively, furnishing gas, light, and power within their home towns and surrounding communities.

The plaintiff Associated Gas & Electric Company is a corporation organized under the laws of the state of New York and is a holding company of the stock of other corporations furnishing light and power and performing various public services throughout the United States and its possessions. It holds the stock of no company engaged in business in New Hampshire.

The plaintiffs Greene, Cheney & Partridge, are residents, respectively, of Cambridge and Hyannis, Mass., and Orange, N. J. They are trustees under an indenture of trust establishing the New England Gas & Electric Association, which is a common-law trust organized in Massachusetts, holding as investments the stock of Public Service Companies operating within the limits of New England and furnishing light, power, and gas to communities within that area. It holds stock in the New Hampshire Gas & Electric Company and the Derry Electric Company.

The defendants Mayland H. Morse, Fred H. Brown, and H. Styles Bridges are all residents of the state of New Hampshire, and constitute the Public Service Commission for that state. Defendant Morse is chairman of the commission.

The material parts of the order of the commission against which injunctive relief is sought command the plaintiffs to appear before the commission on June 3, 1930, at 10 o'clock in the forenoon at its offices in Con-

Robert W. Upton, of Concord, N. H., and Robert G. Dodge, of Boston, Mass., for complainants.

cord, N. H., for the following stated purposes:

"To investigate or make inquiry in a manner to be determined by it as to the outstanding issues of stocks, bonds, notes and other evidence of indebtedness of the New Hampshire Gas and Electric Company, the Derry Electric Company, and any corporation, company, association, joint stock association, partnership and person, their lessees, trustees, or receivers appointed by any court in any way affiliated or connected with the aforesaid companies or the Associated Gas and Electric Company or any of its subsidiaries or affiliated companies, owning, operating or managing any plant or equipment or any part of the same for the conveyance, manufacture, or furnishing of light, heat or power for the public, or in the generation, transmission or sale of electricity ultimately sold to the public.

"At said hearing duly authorized representatives of the foregoing companies are hereby ordered to be present and among other things to submit to the Commission full, true and complete statements of all issues of stocks, bonds, notes and other evidence of indebtedness, the authority therefor, both corporate and governmental, the purpose thereof and the bases therefor.

"Said representatives shall further file at said hearing, true and complete copies of all contracts, agreements and correspondence in any way relating to the finances of the aforesaid companies.

"Said representatives shall submit at said hearing a complete statement and detailed explanation of the financial structure of the aforesaid companies and their general method of financing, together with a complete list of stockholders, shareholders and owners, both nominal and beneficial.

"Said representatives shall submit at said hearing a detailed list of all officers, directors and trustees of said companies together with their salaries and the bases therefor."

Service of the order was made by sending copies by mail to the principal places of business of the corporations named as plaintiffs in this action.

This bill was filed May 23, 1930. An order of notice was issued to the members of the commission to appear before a court of three judges organized as directed under the provisions of section 266 of the Judicial Code.

The plaintiffs contend that, if the order of May 15, 1930, is enforced, they will be deprived of their property without due process of law in violation of the Fourteenth Amendment of the Constitution of the United States because the order exceeds the scope of the jurisdiction of any commission which New Hampshire could create.

It has not been found necessary to issue any restraining order. The commission consented to a continuance of its hearing until the motion for a temporary injunction was determined.

The evidence before the court consisted of affidavits filed by the plaintiff and oral testimony offered by the defendant.

The order of the commission which is the subject of contention is based on chapter 238 of the Public Laws of New Hampshire and amendments thereto.

■ The defendants challenge the jurisdiction of the statutory court on the grounds that the petition for an injunction is premature, and that the plaintiffs have an adequate remedy at law.

In their written argument filed in behalf of the commission, counsel have not argued the question of jurisdiction, but say they have no intention of waiving the point previously made in oral argument that, inasmuch as the New Hampshire Supreme Court has full power to review the action of the commission, this court is without jurisdiction until the Supreme Court of the state has decided adversely the plaintiffs' contention.

We cannot indorse the position taken by counsel for the commission. In the case of Smyth v. Ames, 169 U. S. 446, 18 S. Ct. 418, 422, 42 L. Ed. 819, it is held that: "The adequacy or inadequacy of a remedy at law for the protection of the rights of one entitled upon any ground to invoke the powers of a federal court is not to be conclusively determined by the statutes of the particular state in which suit may be brought. One who is entitled to sue in the federal circuit court may invoke its jurisdiction in equity whenever the established principles and rules of equity permit such a suit in that court; and he cannot be deprived of that right by reason of his being allowed to sue at law in a state court on the same cause of action."

And in the case of Western Union Telegraph Co. v. Andrews, 216 U. S. 165, 30 S. Ct. 286, 54 L. Ed. 430, it is held that: "Individuals, who, as officers of the State, are clothed with some duty in regard to the enforcement of the laws of the State, and who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an uncon-

stitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action; and such an action is not prohibited by the Eleventh Amendment of the Constitution of the United States."

In the case of Re Debs, 158 U. S. 565, 593, 15 S. Ct. 900, 909, 39 L. Ed. 1092, Mr. Justice Brewer says: "It is objected that it is outside of the jurisdiction of a court of equity to enjoin the commission of crimes. This, as a general proposition, is unquestioned. A chancellor has no criminal jurisdiction. Something more than the threatened commission of an offense against the laws of the land is necessary to call into exercise the injunctive powers of the court. There must be some interferences, actual or threatened, with property or rights of a pecuniary nature; but when such interferences appear the jurisdiction of a court of equity arises, and is not destroyed by the fact that they are accompanied by or are themselves violations of the criminal law."

In the case of Chicago, B. & Q. R. Co. v. Oglesby (D. C.) 198 F. 153, 156, Judge Van Valkenburgh, referring to section 266 of the Judicial Code, says: "It will thus be seen that a remedy against unjust, unreasonable, or oppressive orders is expressly granted, and, whenever a citizen of a state can go into the courts of a state to defend his property against the illegal acts of its officers, a citizen of another state may invoke the jurisdiction of the federal courts to maintain a like defense. Reagan v. Farmers' Loan & Trust Co., 154 U. S. 362–391, 14 S. Ct. 1047, 38 L. Ed. 1014. When the jurisdiction of a federal court of equity attaches, it is governed by its own rules of procedure, and not by those prevailing in the state jurisdiction."

The jurisdiction of the federal court to entertain this bill is, as to the two nonresident corporations, too clear to require the further citation of authorities.

■ It is contended by the defendants that the action is premature because none of the plaintiffs, at the time the bill was filed, had suffered any injury either in person or property.

Public Laws of New Hampshire, chapter 238, §§ 38 to 42, inclusive, provide penalties for disobedience of any order made by the Public Service Commission as follows:

Section 39 provides that: "Any railroad corporation or public utility which shall violate any provisions of this title, or fails, omits or neglects to obey, observe or comply with any order, direction or requirement of the commission, shall be fined not more than five thousand dollars."

Section 40 provides that: "Every officer and agent of any such railroad corporation or public utility who shall wilfully violate, or who procures, aids or abets any violation of this title, or who wilfully fails to obey, observe and comply with any order of the commission, or procures, aids or abets any such railroad corporation or public utility in its failure to obey, observe and comply with any such order or provision, shall be fined not more than one thousand dollars, or imprisoned not more than six months, or both."

Section 41 provides that: "Any forfeiture incurred under the provisions of this chapter shall be recovered in an action brought by the attorney-general in the name of the state, and when recovered shall be paid to the state treasurer."

Section 42 provides that: "The commission shall have authority to direct the institution of such action, and the attorney-general may institute it without direction whenever he shall have knowledge that such forfeiture has been incurred."

It appears that the commission in a letter dated April 30, 1930, has already notified some of the plaintiffs that, if they failed to comply with its order, they would be considered in contempt by the commission.

While it is true that contempt proceedings would not reach foreign corporations not engaged in business in the state, the penalties run against their officers and agents who may be engaged in individual business in the state, or who may chance to be found within its borders and who might be apprehended and subjected to the heavy penalty prescribed in the statute.

It is not reasonable to hold that a person must violate a law and subject himself to possible fines or imprisonment in order to contest the constitutionality of a statute authorizing the imposition of a penalty. Threats of the constituted authorities are sufficient to set in motion an action to contest such rights. Western Union Telegraph Co. v. Andrews, 216 U. S. 165, 30 S. Ct. 286, 54 L. Ed. 430.

■ It is elementary law that the statutes of New Hampshire have no extraterritorial force. To hold that the New Hampshire Legislature intended to extend its jurisdiction beyond the borders of the state is to impugn the intelligence of that body. It is not necessary, however, to hold the New Hampshire laws unconstitutional. If the commission in

its interpretation of them is attempting to attribute to them unconstitutional powers affecting the liberty or property rights of citizens beyond its boundaries, a court of equity has power to act. In the case of Philadelphia Co. v. Stimson, 223 U. S. 605, 620, 32 S. Ct. 340, 344, 56 L. Ed. 570, Mr. Justice Hughes says: "The complainant did not ask the court to interfere with the official discretion of the Secretary of War, but challenged his authority to do the things of which complaint was made. The suit rests upon the charge of abuse of power, and its merits must be determined accordingly."

In the case of the New York Central R. Co. v. United States (Interstate Commerce Commission, intervenors) (D. C.) 288 F. 951, an action brought before a statutory court in the District of Massachusetts, the Interstate Commerce Commission was enjoined from putting into operation an order made by it in which an act of Congress was misinterpreted to the injury of the plaintiff. This case was affirmed by the Supreme Court of the United States, 263 U. S. 603, 44 S. Ct. 212, 68 L. Ed. 470. See, also, Smith v. Wilson, 273 U. S. 388, 47 S. Ct. 385, 71 L. Ed. 699; Savage v. Jones, 225 U. S. 501, 519, 32 S. Ct. 715, 56 L. Ed. 1182.

The order of the commission is most sweeping in the character of the information required to be furnished. It appears by the affidavits that the New England Gas & Electric Association is a Massachusetts trust. It asserts that it is not engaged in business within the state of New Hampshire. It admits stock ownership in the New Hampshire Gas & Electric Company and in the Derry Electric Company. It also owns the greater portion of the stock in eight Massachusetts utilities companies operating in different sections of that state. The Associated Gas & Electric Company of New York is a holding company controlling directly or indirectly sixty-four utility corporations located in various parts of the United States and the Philippine Islands. It is not an operating company.

It can readily be seen what a laborious task it would be to furnish all the information called for in the commission's order, particularly that portion which requests the furnishing "complete copies of all contracts, agreements and correspondence in any way relating to the finances of the aforesaid companies." The compilation of all the data required would cost a very considerable amount of money. Literally interpreted, as such an order is supposed to be, in the absence of defi-

nite evidence showing materiality of the evidence required as affecting the rights of New Hampshire citizens, we would say the order was most unusual and unreasonable. Hale v. Henkel, 201 U. S. 43, 76, 26 S. Ct. 370, 50 L. Ed. 652; Federal Trade Commission v. Am. Tobacco Co., 264 U. S. 298, 306, 44 S. Ct. 336, 68 L. Ed. 696, 32 A. L. R. 786.

The question of the jurisdiction of the commission over the two nonresident plaintiffs appears to present greater difficulties than that of this courts jurisdiction over the subject-matter of this petition.

Service of the commission's order was made by sending copies through the mail. Whether service in this form would constitute sufficient service on a nonresident corporation in any case need not be discussed, as the question has not been raised by counsel. If the foreign corporations are amenable to process in New Hampshire, we understand no objection is raised as to the method of service; but the fact that service by letter is directed to the home offices of the corporation outside the state of New Hampshire is an implied admission that they have no officers or agents within the state upon whom service could be made.

The question of jurisdiction over a foreign corporation has recently been before the Circuit Court of Appeals in this circuit in the case of Frink v. Erikson, 20 F. (2d) 707. It was there held that, in order to be amenable to service of process, it must appear that the corporation is transacting business in the state to such an extent and of such a character as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the state in which it is served.

In the case of Bank of America v. Whitney Central National Bank, 261 U. S. 171, 43 S. Ct. 311, 312, 67 L. Ed. 594, it appears that the sole question for decision was whether at the time of the service of process the defendant was doing business within the district in such a manner as to warrant the inference that it was present there. Mr. Justice Brandeis says: "The jurisdiction taken of foreign corporations, in the absence of statutory requirement or expressed consent, does not rest upon a fiction of constructive presence, like 'qui facit per alium facit per se.' It flows from the fact that the corporation itself does business in the state or district in such a manner and to such an extent that its actual presence there is established."

In the case of Philadelphia & Reading R. R. v. McKibbin, 243 U. S. 264, 37 S. Ct.

280, 61 L. Ed. 710, it is held: "In the absence of consent, a corporation of one State may not be summoned in another, in an action in personam, unless it is doing business in the State where it is served in such manner and to such extent as to warrant the inference that it is present there. The process must be served on some authorized agent of the corporation." It is also held, that: "The fact that corporations subsidiary to another are doing business in a State does not warrant finding that the other is present there, doing business." See, also, Rosenberg Bros. & Co., Inc., v. Curtis Brown Co., 260 U. S. 516, 43 S. Ct. 170, 67 L. Ed. 372; Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 S. Ct. 728, 47 L. Ed. 1113; Goldey v. Morning News, 156 U. S. 518, 15 S. Ct. 559, 39 L. Ed. 517; Griffin v. Seaboard Air Line Ry. (D. C.) 38 F.(2d) 98, and laws cited.

The affidavits presented on behalf of the plaintiffs Associated Gas & Electric Company and the New England Gas & Electric Association deny that either is engaged in any business in the state of New Hampshire. It is admitted that the New England Gas & Electric Association owns all of the stock of the New Hampshire Gas & Electric Company and a substantial portion of the stock of the Derry Electric Company.

Testimony adduced by the commission tends to show that there have been various business transactions between the Massachusetts trust and the New Hampshire corporations and between the New York corporation and the New Hampshire corporations through the Massachusetts trust as an intermediary. But this does not make either of them an operating company in New Hampshire.

It does not necessarily follow as a matter of law that, because the New England Gas & Electric Association owns all or nearly all of the stock of the two New Hampshire corporations, those corporations are eliminated as operating companies. Porter v. Pittsburgh Bessemer Steel Co., 120 U. S. 649, 670, 7 S. Ct. 741, 30 L. Ed. 830. The commission has treated them as separate entities in its order of notice. See Houston v. Southwestern Bell Telephone Co., 259 U. S. 318, 323, 42 S. Ct. 486, 66 L. Ed. 961; Pullman Palace-Car Co. v. Missouri Pacific Co., 115 U. S. 587, 597, 6 S. Ct. 194, 29 L. Ed. 499.

But as said in the case of Illinois Bell Tel. Co. v. Moynihan (D. C.) 38 F.(2d) 77, 80: "Courts, of course, will look through form to substance. Where the power of stock ownership is so exercised as to commingle the affairs of the corporations and make them practically one, courts will not permit themselves 'to be blinded or deceived by mere forms of law but, regardless of fiction, will deal with the substance of the transaction involved as if the corporate agency did not exist and as the justice of the case may require.' "

The allegation in plaintiff's bill and affidavit in support thereof and the evidence adduced by the defendants form an issue of fact as to whether or not the Associated Gas & Electric Company and the New England Gas and Electric Association are doing business in the state of New Hampshire so as to be amenable to process properly served within the state. If they are beyond the reach of process, they are beyond the reach of the commission's jurisdiction. This important question should not be decided upon the meager facts presented for the purpose of determining whether or not a preliminary injunction should issue. The question should be determined only after a full hearing upon the merits of the case.

If the commission wrongfully assumed jurisdiction either because of an unconstitutional state statute, or because it interprets a constitutional statute as authorizing unconstitutional acts and adjudged the corporations, their officers, and agents in contempt and subject to the penalties imposed by the New Hampshire statutes, the plaintiffs will be deprived of their property and rights in violation of the Fourteenth Amendment of the federal Constitution.

A preliminary injunction will hold the matter in abeyance until the important question of jurisdiction can be properly determined after a full hearing and consideration of the facts.

No reason appears why the New Hampshire Gas & Electric Company and the Derry Electric Company should not obey the order of the commission to the extent of furnishing it with such information as they possess. They should not be required to go beyond the jurisdiction of the commission to acquire evidence not in their possession or control.

The commission's amended order filed June 20, 1930, in an effort to effect a compromise appears to have failed to accomplish the desired results. As it does not properly constitute a part of the pleadings in the case it must be disregarded.

The petitioners are entitled to a preliminary injunction, and counsel are directed to submit a form for the same.

BINGHAM, Circuit Judge, and MORTON, District Judge, concur.