Lee *v.* Osceola & Little River Road Improvement District No. 1.

Opinion delivered January 14, 1924.

1. Taxation—government property.—The Legislature has no power to enforce a tax of any character upon any property of the United States, and this immunity applies to special assessments for local improvements.

2. Taxation—title passing from government.—Where the title to land passed from the United States to purchasers or homesteaders, the land became subject to general taxation and to special assessments for local improvements.

3. Constitutional law—due process.—A State may, without violating the Fourteenth Amendment, exercise authority to assess property on account of special benefits resulting from an improvement already made.

Appeal from Mississippi Chancery Court, Osceola District; *J. M. Futrell,* Chancellor; affirmed.

## STATEMENT OF FACTS.

This action was brought in the chancery court by a road improvement district against certain landowners to collect the assessment of benefits levied against their lands.

The road district was created under § 5399 *et seq.* of Crawford & Moses' Digest, providing for the establishment of road improvement districts. The lands involved in this suit are what are known as lake lands, or sunk lands. They were included in the organization of the district, and the benefits were assessed against them as lands of the riparian owners. Subsequently the lands were adjudged to belong to the United States. The claimants of the lands then homesteaded them under an act of Congress, and the title passed from the United States to the homesteaders. Subsequently the board of assessors of the improvement district reassessed all of the lands within the district, including the lands in controversy in this case. The reassessments were regularly made, according to the provisions of the statute made and provided in such cases, and there was a judgment of the county court confirming the reassessment, which was also made in conformity with the statute. No appeal was taken from the order of the county court confirming the reassessment.

The chancellor found the issues in favor of the road improvement district, and it was decreed that the statutory lien of the assessments be foreclosed and the lands sold to pay the same.

The landowners have duly prosecuted an appeal to this court.

*D. F. Taylor, Prewitt Semmes,* for appellant; *Chas. M. Bryan, Arthur G. Brode,* and *Blan R. Maxwell,* of counsel.

The enhancement in value to the lands occurred while they were the property of the United States, and, when subsequently granted to appellants, were transferred in their enhanced value, and could not be assessed for a local improvement which had been created while the title to such property was in the United States. 73 Pac. 1056.

In 155 Ark. 89 the court held that certain lands could be taxed in a drainage district, because, though owned by the government, Congress had expressly consented thereto. The logical converse of this proposition would be that the lands could not be taxed for the improvement formed while the lands were government owned, but subsequently transferred to appellants, if Congress had not assented to their taxation at the time of the formation of the district. To so hold would be an interference with the disposal of government property, and a violation of the 14th Amendment Const. U. S., and art. 2, § 22, Const. of Arkansas. There could be no valid ''reassessment'' of benefits against these lands, since there had been no original assessment. See 241 S. W. 389 (Ark.); 145 Ark. 438. There must be a special act of the Legislature or of Congress to legally reassess or assess benefits against lands which were, at the time of the creation of the district, property of the United States.

*J. T. Coston,* for appellee.

Section 5430, C. & M. Digest, authorizes a reassessment of lands, which shall be made, etc., as in the case of the original assessment, and with like effect. A reassessment has been held to be valid, even if the original assessment was entirely void. 2 Page and Jones, § 962; 48 Ill. 449; 95 Minn. 183; 13 Wash. 144; 13 Wash. 428; 87 Cal. 499. When a person buys land, whether from an individual or the government, he takes it subject to the right of the sovereign and its sub-agents to assess it for special benefits arising from any improvement, present, past or future. See 195 U. S. 359; 239 U. S. 216; 104 N. W. 555; 39 N. E. 352. The term reassessment applies to all property of the district. 224 S. W. 967. Appellants had their day in court. C. & M. Digest, §§ 5430 and 5424.

HART, J., (after stating the facts). The landowners rely for a reversal of the decree upon the ground that the title to the lands in controversy was in the United States at the time the original assessment of benefits was made, and that, after the road was constructed,

there could be no reassessment of benefits so as to include the lands in controversy, notwithstanding the fact that the title at the time of the reassessment of benefits had passed from the United States to the landowners sued in this action.

We do not agree with the landowners in their contention. It is true, as contended by counsel for appellants, that the Legislature has no power to impose a tax of any character upon any property of the United States, and that this immunity includes special assessments for local improvement. *Fagan* v. *Chicago,* 84 Ill. 227; *Ford* v. *City of Great Falls* (Mont.), 127 Pac. 1004; *Ivinson* v. *Hance,* 1 Wyo. 270, and *Whittaker* v. *Deadwood* (S. D.), 139 Am. St. Rep. 1076. The reason is that the Federal Government is supreme within the purview of the powers granted to it by the Constitution, and the property of the United States cannot be subject to general taxation or to the levy of special assessments against it, without the consent of Congress. This view was recognized in the case of *Pierce* v. *Drainage District No. 17,* 155 Ark. 89. In that case the United States, through Congress, had expressly consented that the lands be taxed for drainage purposes.

So, too, in *Ahern* v. *Board of Improvement District No. 3 of Texarkana,* 69 Ark. 68, the principle was recognized when the court said that public property was not assessable, and was properly excluded from the assessment of benefits in that case. So it will be seen that the property is exempt from special assessments because the title is in the United States, and not because no benefits accrue to it. When, however, the title passes from the United States to purchasers or homesteaders, the reason for the rule ceases, and the rule therefore itself no longer obtains. The general rule is that, when the United States has ceased to have any proprietary interest in property, it becomes private property, and, as such, is subject to general taxation. *People* v. *Shearer,* 30 Cal. 645; and *Carroll* v. *Safford,* 3 How. (U. S.) 441.

With like reason 'the lands would be subject to special assessments for local improvements after the title had passed from the United States to individuals.

But it is contended that such special assessments could not be made upon lands after the construction of the public improvement. This question has been expressly decided adversely to the contention of appellants by the Supreme Court of the United States in *Seattle* v. *Kelleher,* 195 U. S. 351. In that case the court held that, after the improvement of a street had been made, there could be a reassessment of benefits, notwithstanding a previous invalid attempt to assess. The court said that the reassessment might be a new assessment, and that whatever the Legislature could authorize, if it were ordering an assessment for the first time, it equally could authorize, although the first assessment was invalid.

Again, in *Wagner* v. *Baltimore,* 239 U. S. 207, the court held that a State may, without violating the Fourteenth Amendment, exercise authority to assess property on account of special benefits resulting from an improvement already made.

This court has held that the Legislature may provide for a new assessment of benefits in a drainage district for a reassessment of benefits of a road district. *Burr* v. *Beaver Dam Drainage District,* 145 Ark. 51, and *Earle Road Imp. Dist. No. 6* v. *Johnson,* 145 Ark. 438.

It results from the views that we have expressed that, when the title to the lands in question passed from the United States to private owners, the lands became subject, not only to ordinary taxes, but to special assessments for public improvements. The lands are included within the boundaries of the improvement district, and the question of the amount of benefits assessed against the lands is not raised. The only issue raised by the appeal is whether or not the lands are subject to the special assessment of benefits, and, that question being decided adversely to the landowners, it follows that the decree must be affirmed.

It is so ordered.