## LEE ET AL. *v.* OSCEOLA & LITTLE RIVER ROAD IMPROVEMENT DISTRICT NO. 1 OF MISSISSIPPI COUNTY, ARKANSAS.

ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.

No. 336. Argued April 21, 27, 1925.—Decided June 8, 1925.

1. A decree of a state supreme court enforcing special assessments despite objection that the underlying statute, as construed and applied, deprived the land owners of property without due process of law, in violation of the Fourteenth Amendment, is reviewable by writ of error. P. 644.
2. A State cannot impose special taxes on lands acquired by private owners from the United States on account of benefits resulting from a road improvement made before the United States parted with its title. P. 645.
3. When a tax is beyond the constitutional powers of a State, its exaction is a taking of property without due process of law, in violation of the Fourteenth Amendment. P. 646.

162 Ark. 4, reversed.

ERROR to a decree of the Supreme Court of Arkansas which affirmed a decree foreclosing a statutory lien to pay special re-assessments on lands in a road improvement district.

*Mr. Prewitt Semmes,* with whom *Messrs. D. F. Taylor.* and *Charles M. Bryan* were on the brief, for plaintiffs in error.

*Mr. J. T. Coston* for defendant in error.

MR. JUSTICE SANFORD delivered the opinion of the Court.

The Osceola & Little River Road Improvement District brought this suit in a Chancery Court of Arkansas against Lee and the other plaintiffs in error to collect an assessment of taxes that had been made against them for the benefit accruing to their lands by the improvements. The Chancellor found the issues in favor of the District, and decreed that the statutory lien for the assessments be foreclosed and the lands sold to pay the same. This decree was affirmed by the Supreme Court. 162 Ark. 4. The case is properly here on writ of error; and a pending petition for certiorari is accordingly denied.

The sole question presented is whether the Arkansas statute under which the taxes in question were assessed, as construed and applied in this case, deprives the land owners of their property without due process of law in violation of the provisions of the Fourteenth Amendment.

When the District was originally organized, the lands involved in this suit, which are known as " lake lands, or sunk lands ", were included in it. The benefits accruing from the improvements were then assessed against all the land owners, including various persons who were supposed to be the riparian owners of the lake lands. It was subsequently ascertained, before the completion of the improvements, that the United States was the owner of these lake lands. It was recognized, however, that it was not liable to assessment, and no attempt was made to collect from it any part of the assessed benefits. After the improvements had been completed, the United States conveyed these lake lands, under the Homestead Act, to the present owners. Thereafter, the Board of Commissioners of the District caused a reassessment to be made of the benefits accruing to all the lands within the District, including the lake lands which had formerly belonged to the

United States. This reassessment was made under a section of the Arkansas statute which provided that: " The board of commissioners may not oftener than once a year order a reassessment of the benefits, which shall be made, advertised, revised and confirmed as in the case of the original assessment with like effect." Crawford & Moses' Digest of Arkansas Statutes, § 5399. It is the reassessment of benefits thus made which the District by this suit has sought to collect.

It was settled many years ago that the property of the United States is exempt by the Constitution from taxation under the authority of a State so long as title remains in the United States. *Van Brocklin* v. *State of Tennessee,* 117 U. S. 151, 180. This is conceded. It is urged, however, that this rule has no application after the title has passed from the United States, and that it may then be taxed for any legitimate purposes. While this is true in reference to general taxes assessed after the United States has parted with its title, we think it clear that it is not the case where the tax is sought to be imposed for benefits accruing to the property from improvements made while it was still owned by the United States. In the *Van Brocklin Case, supra,* p. 168, it was said that the United States has the exclusive right to control and dispose of its public lands, and that " no State can interfere with this right, or embarrass its exercise." Obviously, however, the United States will be hindered in the disposal of lands upon which local improvements have been made, if taxes may thereafter be assessed against the purchasers for the benefits resulting from such improvements. Such a liability for the future assessments of taxes would create a serious incumbrance upon the lands, and its subsequent enforcement would accomplish indirectly the collection of a tax against the United States which could not be directly imposed. In *Nevada National Bank* v. *Poso Irr. Dist.,* 140 Cal. 344, 347, in which it was held that the State could not

include lands of the United States in an irrigation district so as to impose an assessment for benefits which would become a liability upon a subsequent purchaser, it was said that " if the grantee of the United States must take the land burdened with the liability of an irrigation district made to include it without the assent of the government or the purchaser, it attaches a condition to the disposal of the property of the government without its sanction or consent, . . . which must, in such cases, interfere with its disposal."

There is nothing leading to a contrary conclusion in *Seattle* v. *Kelleher,* 195 U. S. 351, and *Wagner* v. *Baltimore,* 239 U. S. 207, which involved merely questions as to the assessment of benefits for local improvements after they had been completed, upon lands which at no time had been the property of the United States.

We find that the provision of the Arkansas statute under which the reassessment of benefits was made, as construed and applied in the present case, was beyond the constitutional authority of the State; and there being no power to impose such a tax, its exaction is a taking of property without due process of law in violation of the Fourteenth Amendment. *Frick* v. *Pennsylvania, ante,* p. 473.

The decree of the Supreme Court of Arkansas is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

*Reversed.*