## SMITH ET AL. *v.* WILSON ET AL.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS.

No. 648. Argued January 5, 6, 1927.—Decided February 21, 1927.

1. Section 266 of the Judicial Code, as amended by the Act of February 13, 1925, does not require a court of three judges on the final hearing unless an application for preliminary injunction was pressed to a hearing. In that case, an appeal either from the determination on the preliminary application or from the final decree may be taken directly to this Court. P. 391.
2. If the plaintiff does not press an application for an interlocutory injunction, the final hearing may be before a single judge, whose decision may be reviewed by the Circuit Court of Appeals and this Court under other applicable provisions of the Code. *Id.*
3. Whether it is erroneous for three judges to sit at final hearing in a case in which there was no application for an interlocutory injunction, is not here decided. *Id*

Appeal from 13 F. (2d) 1007, dismissed.

APPEAL from a final decree of the District Court (of three judges) in a suit to enjoin officials of Texas from levying assessments on plaintiffs' land, and issuing bonds, under a plan of navigation improvement authorized by a state law which the bill challenged as violative of the Fourteenth Amendment.

*Mr. A. D. Lipscomb,* with whom *Messrs. Frederick S. Tyler* and *R. E. Seagler* were on the brief, for appellants.

*Mr. A. R. Rucks,* with whom *Messrs. Lewis R. Bryan, C. D. Jessup,* and *Louis J. Wilson* were on the brief, for appellees.

MR. JUSTICE STONE delivered the opinion of the Court.

Appellants, some of whom are citizens of Texas, filed their bill in the district court for southern Texas against

appellees, the county commissioners of Brazoria County, certain tax officials of that county, and the commissioners of the Brazos River Harbor Navigation District and others, all citizens of Texas. The relief prayed was a preliminary and final injunction. restraining appellees from levying assessments on appellants' land and from issuing or selling bonds pursuant to a plan authorized by the Act of February 19, 1925, c. 5, General Laws of Texas, 7, creating a taxing district to raise funds to defray the cost of a proposed improvement of navigation at the mouth of the Brazos River.

The jurisdiction of the district court was based solely upon allegations in the bill that the Texas statutes and the proceedings had under them for the formation of the Brazos River Harbor Navigation District violated the due process and equal protection clauses of the Fourteenth Amendment to the Federal Constitution.

No application was made for a preliminary injunction. Testimony was taken before a special master and final hearing had before three judges on the assumption that a trial by three judges was required by § 266 of the Judicial Code, as amended by the Act of February 13, 1925. From the judgment of the district court, dismissing the bill on the merits, 13 Fed. (2d) 1007, the case has been brought here by direct appeal under §§ 238 and 266 of the Judicial Code as amended, which permit an appeal from a final decree in an injunction suit of this kind in which the final hearing must be had before three judges, as provided in that section. The jurisdiction of this Court turns on whether or not § 266, as amended, required the hearing below to be before three judges.

Section 266 before the amendment of February 13, 1925, required, as it still does, all applications for an interlocutory injunction restraining state officers from enforcing state statutes or orders of administrative boards or com-

missions, upon the ground of unconstitutionality, to be heard by a court of three judges. But as the section then stood, the final hearing might be had before a single district judge who might arrive at a different conclusion from that reached on the preliminary hearing by the three judges, one of whom was a justice of the Supreme Court or a circuit judge. Compare *Patterson* v. *Mobile Gas Co.*, 271 U. S. 131, and *Lemke* v. *Farmers Grain Co.*, 258 U. S. 50. To remove this anomaly and save the right of direct appeal to this Court from the operation of the repealing provisions of the Act of February 13, 1925, § 266 was amended by the addition of the following provisions:

"The requirement respecting the presence of three judges shall also apply to the final hearing in such suit in the district court; and a direct appeal to the Supreme Court may be taken from a final decree granting or denying a permanent injunction in such suit."

See *Ex parte Buder*, 271 U. S. 461, 465.

It is to be noted that this amendment provides that the "requirement" of a court of three judges "shall also apply" to the final hearing "in such suit." The question now presented is whether the phrase "such suit" was intended to refer only to a suit in which a preliminary injunction had been in fact sought or to a suit in which an application for such an interlocutory injunction might have been but in fact was not made. Before the amendment the section applied only when interlocutory relief was actually sought, regardless of the scope of the bill, and direct appeal to this Court was permitted only from the determination of the court of three judges on such an application. The general purpose of the Act of February 13, 1925 was to relieve this Court by restricting the right to a review by it. *Moore* v. *Fidelity & Deposit Co.*, 272 U. S. 317. The specific purpose of the amendment to

§ 266, as already noted, was to end the anomalous situation in which a single district judge, on the final hearing, might reconsider and decide questions already passed upon by the three judges on the application for an interlocutory injunction. Both purposes are accomplished if the amendment is taken as its language suggests, not to extend the application of the section with respect either to the requirement of three judges or the right of direct appeal to any case in which an interlocutory injunction is not sought.

We conclude that the section as amended does not require a court of three judges on the final hearing unless an application for preliminary injunction is pressed to a hearing. In that case, an appeal either from the determination on the preliminary application or from the final decree may be taken directly to this Court. The plaintiff is thus given an election. He may either make application for an interlocutory injunction, which must be heard by three judges, in which case the final hearing must be before a like court with appeal directly to this Court, or he may not press an application for an interlocutory injunction, in which case the final hearing may be before a single judge, whose decision may be reviewed by the circuit court of appeals and this Court under other applicable provisions of the Judicial Code. Here there was no application for an interlocutory injunction and hence no necessity for a final hearing before three judges, although it may not have been erroneous for three judges to sit, a question we do not find it necessary to decide. There is therefore no jurisdiction in this Court to hear the appeal, which must accordingly be

*Dismissed.*