### CITY OF SPRINGFIELD et al. v. UNITED STATES.

No. 3361.

Circuit Court of Appeals, First Circuit.

Nov. 12, 1938.

Sol., and Albert L. Mastroianni, Asst. City Sol., both of Springfield, Mass., on the brief), for appellants.

William D. Donnelly, Atty., Dept. of Justice, of Washington, D. C. (Carl Mc-Farland, Asst. Atty. Gen., John A. Canavan, Acting U. S. Atty., of Boston, Mass., and C. W. Leaphart, Atty., Dept. of Justice, of Missoula, Mont.), for the United States.

Before BINGHAM and WILSON, Circuit Judges, and Peters, District Judge.

WILSON, Circuit Judge.

This is an appeal from a decree of the Federal District Court of Massachusetts.

The suit in which the decree appealed from was rendered was brought by the United States against the City of Springfield in the Commonwealth of Massachusetts and Ralph L. Munn, as its collector of taxes, to restrain the defendants from selling certain property of the United States for non-payment of taxes for the year 1937, amounting to $18,001.14. The complaint alleges that the property on January 1, 1937, when the assessment was made, was not subject to taxation by the City of Springfield; that the threatened sale was unlawful, and unless enjoined the rights of the United States will be seriously and irreparably injured and that the United States is without an adequate remedy at law.

The issues raised below and raised here by the assignments of error are: (1) Whether the jurisdiction of the federal courts over a suit to restrain a municipality and its collector from assessing and collecting a tax on its property was ousted by the amendment to Sec. 24 (1) of the Judicial Code enacted August 21, 1937, 28 U.S.C.A. § 41(1), which provided that no district court shall have jurisdiction of any suit to enjoin the collection of any tax imposed by or pursuant to the laws of any state where a plain, speedy and efficient remedy may be had at law or in equity in the courts of that state; (2) whether in such a suit against a municipality, in case a state statute is not alleged to be unconstitutional, the case must be heard and determined by a three judge court under Sec. 266 of the Judicial Code, 28 U.S.C.A. § 380; (3) whether property acquired and used as a site for a post office until 1933 and since that time, pending its disposal under Sec. 3, Cl. 2, of Art. 4 of the Federal Constitution, U.S.C.A.Const. art. 4, § 3, cl. 2, it has been leased and used by the lessee

James M. Carroll, Asst. City Sol., of Springfield, Mass. (Raymond T. King, City

as a bus terminal, is exempt from taxation under a state statute that exempts property owned by the United States and "constitutionally held and used by it for essential governmental functions"; (4) the revesting of jurisdiction by a state over land still owned by the government, but no longer used for post office purposes vests in the state the power to tax such land.

The District Court, after a hearing on the bill, answer and agreed statement of facts, entered a decree in accordance with the prayers of the bill of complaint, from which this appeal was taken. The facts are not in dispute. The United States from time to time since 1887, by purchase and condemnation, acquired the land in question as a site for a post office, and until 1933 it was used for that purpose; but with the progress of the city a new post office building was required and this land was abandoned as a site for a post office.

The government, pending a sale at what it considered a satisfactory price, leased the property on a ground rental for five years, with a provision that in case of sale of the property the lessee would vacate on thirty days' notice.

By Sec. 5 of Chap. 59, Mass.G.L.(Ter. Ed.) 1932, all property of the United States was exempt from taxation, but on February 26, 1936, by Chap. 81, Acts and Resolves of Massachusetts, Sec. 5 of Chap. 59 was amended by providing in effect that only such property of the United States should be exempted from taxation as was "constitutionally held and used by it for essential governmental functions." On January 1, 1937, the property being used for private purposes by an arrangement with the lessee, the city assessed the property for the year 1937 and rendered a bill for the tax to the United States, which it refused to pay.

Since 1933 the United States under the authority vested in Congress under Sec. 3, Cl. 2 of Art. 4 of the Federal constitution, has endeavored to sell the property, and on September 29, 1937, it entered into a contract for its sale. The purchaser agreed to pay down 15 percent of the purchase price and the balance in five annual installments. Possession was delivered to the purchaser, but the deed under the contract of sale was not to be delivered until the completion of the contract.

Demand for the tax was duly made and it is agreed that the collector intends to advertise and sell the property unless the tax is paid, or he is enjoined from so doing.

Jurisdiction of the Federal Courts to enjoin the enforcement of this tax is questioned under the amendment to Sec. 24(1) of the Judicial Code, by the Act of August 21, 1937 (50 Stat. 738, 28 U.S.C.A. § 41(1), but the remedy in the state courts is not plain, speedy and efficient within the intendment of the amendment, since a plain remedy is not afforded by the possibility that either a suit in equity or an action at law by the United States would be entertained in the state courts, the state statute not having been construed by the state courts. Atlantic Coast Line R. Co. v. Daughton, 262 U.S. 413, 426, 43 S.Ct. 620, 67 L.Ed. 1051.

An action at law is clearly not available to the United States, since the United States cannot constitutionally appropriate money from the federal treasury in order to pay a tax before suing for refund. Any remedy at law that requires an appropriation as a condition precedent to relief is neither adequate nor efficient, United States v. Rickert, 188 U.S. 432, 444, 23 S.Ct. 478, 47 L.Ed. 532; and, further, it does not appear that the amendment to Sec. 24 applied to the United States, since it is not specifically included therein. Dollar Savings Bank v. United States, 19 Wall. 227, 22 L. Ed. 80.

Again it is urged that the issues are such as to require the convening of a three judge court; but this is not a suit to enjoin the enforcement of a statute, but merely an assessment, Gully v. Interstate Nat. Gas Co., 292 U.S. 16, 18, 54 S.Ct. 565, 78 L.Ed. 1088; it is not alleged nor does it appear that the suit is against an officer of a state, but against an officer of a city, Ex parte Collins, 277 U.S. 565, 568, 48 S.Ct. 585, 72 L.Ed. 990; nor is it grounded upon the constitutionality of a state statute, Ex parte Williams, 277 U.S. 267, 48 S.Ct. 523, 72 L. Ed. 877; Ex parte Hobbs, 280 U.S. 168, 50 S.Ct. 83, 74 L.Ed. 353. In the absence of a substantial claim of unconstitutionality, Sec. 266 is not operative. Ex parte Buder, 271 U.S. 461, 466, 467, 46 S.Ct. 557, 70 L.Ed. 1036; Ex parte Williams, supra, page 271, 48 S.Ct. 523.

The real question on the merits is: whether the use of property of the United States by a lessee for private purposes pending a sale by the United States, such property having been previously acquired

and used for a post office site, but since 1933 abandoned by the United States for that purpose, is, since January 1, 1937, still exempt from local taxation under Sec. 5, Chap. 59 (G.L.1932), as amended by Chap. 81 of the Acts and Resolves of Massachusetts of 1936.

■ There can be no question that the property had been constitutionally acquired and held and used for essential governmental functions up to 1933, or so long as it was used as a post office site. Upon its abandonment as a post office site, Congress under Sec. 3, Cl. 2 of Art. 4 of the Federal Constitution, U.S.C.A.Const. art. 4, § 3, Cl. 2, it is equally clear, had power in the exercise of its governmental functions to dispose of any such property held by it. United States v. Chandler-Dunbar Co., 229 U.S. 53, 73, 33 S.Ct. 667, 57 L.Ed. 1063; Ashwander et al. v. Tennessee Valley Authority et al., 297 U.S. 288, 333 et seq., 56 S.Ct. 466, 80 L.Ed. 688. The right to dispose of property by the United States which is no longer needed, is an essential governmental function in the economic management of governmental affairs, and is recognized by Sec. 3, Cl. 2 of Art. 4 of the Constitution, U.S.C.A.Const. art. 4, § 3, cl. 2; and while the government is seeking a purchaser, the leasing of such property conditioned on a thirty days' notice to terminate such lease in case a purchaser is found cannot have the effect of subjecting such property to taxation by the municipality in which it is situated under Sec. 5 of Chap. 59, G.L.(Ter.Ed.) 1932, as amended in 1936.

■ It is well settled that a state or its subdivisions do not have the right to tax property of the United States used in performing any of its constitutional functions, or so as to interfere therewith. McCulloch v. Maryland, 4 Wheat. 316, 428–439, 4 L. Ed. 579; it may, too, be doubtful whether a state can render property of the United States taxable, though it is not strictly essential for governmental purposes. Lee et al. v. Osceola & Little River Road Imp. Dist., 268 U. S. 643, 645, 45 S.Ct. 620, 69 L.Ed. 1133. Since Congress has full power to determine the terms and manner of disposal of federal property, the free exercise of this power cannot be interfered with or otherwise embarrassed by state taxation, or the imposition of tax liens upon such property. Wisconsin Central Railroad Co. v. Price County, 133 U.S. 496, 504, 10 S.Ct. 341, 33 L.Ed. 687; United States v. Rickert, 188 U.S. 432, 438, 439, 23 S.Ct. 478, 47 L.

Ed. 532; Lee et al. v. Osceola & Little River Road Imp. Dist., supra, page 645, 45 S.Ct. 620.

■ Since a state or any subdivision thereof has no right to tax property of the United States used by it in the performance of any of its constitutional functions, it follows, we think, that it cannot tax property of the United States acquired for a site for a post office, which, having been abandoned for that purpose, is held by the government pending a sale of the property. Van Brocklin v. State of Tennessee, 117 U. S. 151, 179, 6 S.Ct. 670, 29 L.Ed. 845; Clallam County v. United States, 263 U.S. 341, 44 S.Ct. 121, 68 L.Ed. 328; Lee et al. v. Osceola & Little River Road Imp. Dist., supra, pages 643, 645, 45 S.Ct. 620. City of New Brunswick v. United States, 276 U.S. 547, 556, 48 S.Ct. 371, 72 L.Ed. 693. A construction should be given Sec. 5 of Chap. 59, G.L.(Ter.Ed.) 1932 as amended by Chap. 81 of the Acts and Resolves of 1936, as granting such power, that will remove any doubts as to its constitutionality. Bratten et al. v. Chandler et al., 260 U.S. 110, 114, 43 S.Ct. 43, 67 L.Ed. 157; Porter v. Investors' Syndicate, 286 U.S. 461, 470, 52 S.Ct. 617, 76 L.Ed. 1226.

■ The use of property of the United States for private purposes pending its disposal by the United States, does not necessarily effect the withdrawal of the tax immunity of the United States, which it previously had. In many cases involving the sale of property by the United States, it has been uniformly held that the interest of the United States held as security, whether legal title, mortgage or lien, is immune from taxation by the state. City of New Brunswick v. United States, supra, page 555, 48 S.Ct. 371; Lee et al. v. Osceola & Little River Road Imp. Dist., supra, page 645, 45 S.Ct. 620; Utah Power & Light Co. v. United States, 243 U.S. 389, 404, 37 S.Ct. 387, 61 L.Ed. 791.

By both reason and authority we think the land of the United States located in Springfield and known as the old post office site was exempt from taxation on January 1, 1937, by the City of Springfield, since the United States still retained legal title to the land, while it was endeavoring to negotiate a bona fide sale.

■ It is suggested that a revesting of jurisdiction in the Commonwealth over property acquired by the United States, by the abandonment of the governmental use for which it was acquired, gave the Com-

864

monwealth and any subdivision thereof the right to tax it to the United States until the property had been disposed of by the United States, and the title has come into the hands of the purchaser. Even though the Commonwealth acquired jurisdiction over this property on the abandonment of the governmental use as a post office, the title still remained in the United States and Congress still possessed the right to dispose of it under Sec. 3, Cl. 2 of Art. 4 of the Constitution, U.S.C.A.Const. art. 4, § 3, cl. 2, and the Commonwealth had no right, in the exercise of any jurisdiction it possessed, to interfere with or impede any such sale by imposing a tax lien thereon. Wisconsin Central Railroad Co. v. Price County, supra, page 504, 10 S.Ct. 341; United States v. Rickert, supra, page 439, 23 .S.Ct. 478; Lee et al v. Osceola & Little River Road Imp. Dist., supra, page 645, 45 S.Ct. 620; Van Brocklin v. State of Tennessee, supra, page 168, 6 S.Ct. 670.

The decree of the District Court is affirmed with costs.