## UNITED STATES v. WOODWORTH,
### City Assessor, City of Rochester
### et al.
### No. 1689.

District Court, W. D. New York.

May 3, 1946.

George L. Crobe, U. S. Atty., of Buffalo, N. Y., (John J. Mahoney, Sp. Atty., of Rochester, N. Y., of counsel), for plaintiff.

Charles B. Forsyth, Corporation Counsel, of Rochester, N. Y. (Glenn L. Buck, Deputy Corporation Counsel, of Rochester, N. Y., of counsel), for defendants City of Rochester and others.

Joseph B. Boyle, Monroe County Legal Adviser, of Rochester, N. Y., for defendants County of Monroe, and others.

BURKE, District Judge.

The Government, asserting ownership of certain parcels of real estate, brings this suit to cancel taxes and assessments imposed thereon and to have its title quieted as against any tax claims of the City of Rochester and County of Monroe upon the

real estate in question, and to restrain the defendants from taxing the said lands so long as they remain the property of the United States.

On a previous motion for judgment on the pleadings, the defendants challenged the jurisdiction of this court on the ground that the statute, 28 U.S.C.A. § 41(1), conferring jurisdiction on the District Courts of all suits brought by the United States, or ·by any officers thereof authorized by law to sue, specifically excepts suits "to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State." This court upheld its jurisdiction, D.C., 60 F.Supp. 844, on the ground that the amendment to Sec. 41 (1) does not apply to suits brought by the United States since it does not specifically mention the United States, citing City of Springfield v. United States, 1 Cir., 99 F.2d 860, certiorari denied 306 U.S. 650, 59 S.Ct. 592, 83 L.Ed. 1049, and United States v. American Bell Telephone Co., 159 U.S. 548, 554, 16 S.Ct. 69, 40 L.Ed. 255.

■ The defendants contend that no judgment can be entered in this action except by a District Court of three judges under section 266 of the Judicial Code, 28 U.S.C.A. § 380. Under that section there is no requirement for a three judge court unless an application for a preliminary injunction is sought. McCart v. Indianapolis Water Co., 302 U.S. 419, 58 S.Ct. 324, 82 L. Ed. 336; Smith v. Wilson, 273 U.S. 388, 47 S.Ct. 385, 71 L.Ed. 699; New York State Electric & Gas Corp. v. Public Service Commission, 2 Cir., 102 F.2d 453. The section has no application to the case at bar because no application was ever made for an interlocutory injunction.

Seven parcels of land are involved in this controversy. The proof establishes that Tracts 1, 2, and 3 were acquired in fee simple by condemnation proceedings conducted in this court, commenced by the filing of a petition for condemnation and a Declaration of Taking by the Secretary of War which recited that the public uses for which said lands were taken were that they were necessary adequately to provide for the manufacture of military supplies and for related military purposes. The United States paid the sum of $28,947.90 for the acquisition of Tracts 1, 2, and 3. Tract 4 was acquired by direct purchase from Rochester Transit Corporation upon the payment by the United States of $54,183. Tracts 5 and 6 were acquired by direct purchase from Eastman Kodak Company upon the payment of $3,500 for each parcel. Tract 7 was acquired by direct purchase for the sum of $440,000 from Art-in-Buttons, Inc. Deeds conveying title to Tracts 4, 5, 6, and 7 to the United States were duly recorded in the Monroe County Clerk's office. Title to all of said lands now stands in the name of the United States. Ownership by the United States, although placed in issue by the answers of the defendants, was not seriously contested on the trial. The defendants introduced evidence of an application by a building wrecker to a city department for permission to demolish buildings located upon Tracts 1, 2, and 3, which recited that Defense Plant Corporation was the owner. It hardly seems necessary to point out that this evidence had no bearing upon the question of ownership and was in no way binding upon the plaintiff. Real property taxes have been assessed since the acquisition by the Government against all seven tracts by the City of Rochester and County of Monroe. The present suit involves 1943 taxes which became a lien December 31, 1942, under Sec. 270 of the Rochester City Charter, and taxes for 1944 and 1945.

■ Title to Tracts 1, 2, and 3 vested in the United States upon the filing of the Declaration of Taking, 40 U.S.C.A. §§ 258a, 258e, on July 9, 1942; United States v. Sunset Cemetery Co., 7 Cir., 132 F.2d 163. Title to the other tracts acquired by purchase vested in the United States upon the recording of the deeds of conveyance. Title to all of the tracts in question was complete in the United States prior to December 31, 1942, when the earliest taxes in question purported to become liens. Decisions of state courts relied on by defendants to the effect that April 1, 1942, the date of assessment of the 1943 tax, determined the taxable status of property for

taxation as far as exemptions allowable under state law are concerned, are inapplicable for the reason that immunity of Government-owned property from state taxation is founded on federal law rather than upon state law. United States v. City of Buffalo, 2 Cir., 54 F.2d 471.

■ Property of the United States is exempt by the Constitution of the United States from taxes imposed under the authority of a State or its political subdivisions. Such immunity from taxation is not dependent upon the consent of a State as expressed in a statute or State Constitution. Van Brooklin v. State of Tennessee, 117 U.S. 151, 6 S.Ct. 670, 29 L.Ed. 845. The Supreme Court reaffirmed the rule in United States v. Allegheny County, 322 U. S. 174, at page 189, 64 S.Ct. 908, at page 916, 88 L.Ed. 1209, where it said "We hold that Government-owned property, to the full extent of the Government's interest therein, is immune from taxation, either as against the Government itself or as against one who holds it as a bailee," and in S.R.A., Inc., v. State of Minnesota, 66 S.Ct. 749, 752, the Court said "The supremacy of the Federal Government in our Union forbids the acknowledgment of the power of any state to tax property of the United States against its will. Under an implied Constitutional immunity, its property and operations must be exempt from state control in tax, as in other matters. (Citations)."

Defendants argue that there should be no ouster of State jurisdiction to impose taxes upon property owned by the United States until Congress has accepted Federal jurisdiction, citing Mason Co. v. Tax Commission of Washington, 302 U.S. 186, 58 S.Ct. 233, 239, 82 L.Ed. 187. That case involved, not the taxing of property owned by the United States, but the taxing power of the State "in relation to the property and activities of individuals and corporations." One of the questions presented was (302 U.S. at page 190, 58 S.Ct. at page 236, 82 L.Ed. 187) "whether the tax imposes an unconstitutional burden upon the Federal Government." The court upheld the tax upon its controlling ruling upholding the validity of a similar tax of West Virginia as laid upon the gross receipts of a contractor engaged in building locks and dams for the United States in James v. Dravo Contracting Co., 302 U.S. 134, 58 S.Ct. 208, 82 L.Ed. 155, 114 A.L.R. 318, announced the same day. In the latter case, 302 U.S. at page 149, 58 S.Ct. at page 216, the court pointed out that the tax was not laid upon the Government, its property, or officers, nor upon an instrumentality of the Government nor upon the contract of the Government: It held (302 U.S. at page 161, 58 S.Ct. at page 221) "that the West Virginia tax so far as it is laid upon the gross receipts of respondent derived from its activities within the borders of the state does not interfere in any substantial way with the performance of federal functions, and is a valid exaction." The fallacy in denying immunity from taxation of property owned by the United States upon this ground is similar to that pointed out in United States v. City of Buffalo, supra, where the court said at page 474 of 54 F.2d, "Some confusion seems to have resulted from the failure to distinguish the difference between the status of property which is exempt from state or municipal taxation solely by reason of the voluntary surrender by state law of the right to tax, and property which is immune from state or municipal taxation because it is owned by the United States. See Ft. Leavenworth R. Co. v. Lowe, 114 U.S. 525, 5 S.Ct. 995, 39 L.Ed. 264. The important reason no such lien could come into being without the consent of the federal government after it took title lies in the fact that taxation of the property of the United States depends wholly upon the will of its owner. (Citing Van Brooklin v. Tennessee, supra)." In the Van Brooklin case the lands of the United States were not held under a cession from Tennessee of exclusive jurisdiction, but had been purchased by the United States pursuant to a federal tax sale. Tennessee's claim of the right to impose state taxes was founded on the absence of state cession. The Supreme Court there held (117 U.S. at page 180, 6 S.Ct. at page 686, 29 L.Ed. 845) "whether the supreme court of Tennessee rightly construed the provisions of the constitution

and statutes of the state as not exempting from taxation land belonging to the United States, exclusive jurisdiction over which had not been ceded by the state, is quite immaterial, because, for the reasons and upon the authorities above stated, this court is of opinion that neither the people nor the legislature of Tennessee had power, by constitution or statute, to tax the land in question so long as the title remained in the United States."

■ The defendants argue that the condemnation proceedings under which title to Tracts 1, 2, and 3 were taken did not result in a transfer of title prior to the time the taxes in question became a lien. The argument is grounded on Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911, where it was held that the owner's right to challenge the validity of the taking by appeal was preserved but that an appeal from a judgment on a Declaration of Taking could not be taken until final judgment in the condemnation proceeding was rendered. The court construed the statute (40 U.S.C.A. §§ 258a, 258e) to confer upon the Government, not an irrevocable title, but only a defeasible title in cases where an issue concerning the validity of the taking arises. There might possibly be some merit to the defendants' argument, if in the condemnation proceedings, an issue had been raised concerning the validity of the taking. In such event title to Tracts 1, 2, and 3 would necessarily have to be viewed as a defeasible title until the appeal had been decided or time to appeal from the final judgment in the condemnation proceeding had expired. But the question in the case at bar is academic, because no issue as to the validity of the taking was raised in the condemnation proceedings. Final judgment as to Tracts 1 and 3 was entered March 20, 1944, and final judgment as to Tract 2 was entered December 14, 1942. No appeal was taken and the time to appeal has expired. Title of the Government was therefore not defeasible but absolute and final upon the filing of the Declaration of Taking.

The proof leaves no doubt that all of the real estate against which the taxes in question were assessed is owned by the United States. Eastman Kodak Company and Bausch and Lomb Optical Company had contracted with agencies of the Government for the manufacture of war materials. In connection with those contracts, the Government entered into two leases with Eastman Kodak Company, one lease covering Tracts 1 to 5 and another lease covering Tract 6. It also leased to Bausch and Lomb Optical Company Tract 7. In connection with the lease to Eastman Kodak Company of Tracts 1 to 5, the defendants introduced in evidence a lease between Defense Plant Corporation and Eastman Kodak Company covering certain machinery for use in connection with its Government contract. The lease provided that such machinery should remain personal property notwithstanding the fact that it might be affixed or attached to the real estate. The lease covering Tracts 1 to 5 contained a provision that if at any time within 20 years the Government desired to sell or lease the premises or any part thereof, it would not do so without giving Eastman Kodak Company a reasonable opportunity either to purchase or lease the premises on the same terms at which it proposed to sell or lease them to any other party. The lease to Bausch and Lomb Optical Company contained a provision that upon termination of the contract, the Government should make a final inventory of Government owned facilities to determine the fair value thereof and that the said Company should have the right to purchase said facilities at the amount of the Government appraisal upon such terms and conditions as should be prescribed by the Secretary of the Navy. The defendants contend that the "interest" of the Defense Plant Corporation and the leasehold interests of Eastman Kodak Company and Bausch and Lomb Optical Company were taxable and that such interests validated the taxes imposed upon Tracts 1 to 5 and Tract 7. Defense Plant Corporation had no interest in the property other than its lease of certain personal property which was expressly agreed between the parties to the lease to remain personal property regardless of whether or not it became

affixed to the real estate. Personal property of the Defense Plant Corporation is declared to be tax exempt by statute, 15 U.S.C.A. § 610. The City and County did not undertake to levy taxes upon the interests of Eastman Kodak Company and Bausch and Lomb Optical Company as they might possibly have done under Sec. 4, Subdivision 17 of the Tax Law, if the interest of said Corporations, as defendants contend, amounted to an interest "under a contract of sale or other agreement whereby upon certain payment or payments the legal title is to be or may be acquired by such corporation, * * *." Cf. S. R. A., Inc., v. State of Minnesota, supra. It is to be noted that Sec. 4, Subdivision 17 of the Tax Law expressly provides that the interest of the United States in such property shall not be assessed or taxed. The taxes involved were assessed directly on property of the United States and under the authorities cited above are invalid.

The plaintiff is entitled to judgment as prayed for in the complaint. Findings of fact and conclusions of law are filed herewith.