**UNITED STATES of America,
Plaintiff,**

**v.**

**Clarence W. OGLESBY, Defendant.**

**Civ. A. No. 1374.**

United States District Court
W. D. Arkansas,
Fort Smith Division.

July 3, 1958.

Charles W. Atkinson, U. S. Atty., Robert E. Johnson, Asst. U. S. Atty., Ft. Smith, Ark., for plaintiff.

Donald Poe, Waldron, Ark., for defendant.

JOHN E. MILLER, District Judge.

Plaintiff has moved for summary judgment in this case on the ground that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. To determine this question the Court must consider the entire record and ascertain whether there is a genuine issue of fact remaining.

In its complaint the United States alleged that on July 26, 1945, by warranty deed it purchased from the Waldron Hardware & Mercantile Company certain lands for national forest purposes, including all of Fractional Section 1, Township 1 North, Range 33 West, in Scott County, Arkansas, containing 181.28 acres, more or less. The United States sets out the history of the title of Section 1, tracing it from the original patent issued to Bud M. Janaway on April 28, 1927, to the Waldron Hardware & Mercantile Company. The United States further alleged that all taxes levied

against the property up to the date of the purchase by it have been paid.

It is then alleged that in 1955 and the early part of 1956 the defendant entered upon the Fractional Section 1, above mentioned, and without the knowledge or consent of the United States removed therefrom timber of a value of $244.60.

The United States prays for a judgment in the amount of $244.60; that title to the Fractional Section 1 be quieted in it; and that the defendant be enjoined from further trespass on said land.

In due time the defendant filed his answer alleging that he is the sole and exclusive owner of said land, and that he was merely removing his own timber.

In answer to certain interrogatories propounded by the United States to the defendant, the defendant stated that his title to the section in question was based upon a Clerk's tax deed and a decree of the Chancery Court of Scott County, Arkansas, confirming the sale for taxes and vesting title in him; and that he had been in adverse possession of the said section since November 10, 1947. He further stated that he has paid the taxes for the years 1946 to date.

■ Subsequently the United States filed a request for admission of facts, requesting defendant to admit the chain of plaintiff's title and to admit that all taxes had been paid on said Section 1 for the years 1931 through 1941 and 1942 through 1945. The defendant, apparently because he admitted the correctness of the request, filed no response to the request for admissions, and they stand admitted as a matter of law. Handley v. City of Hope, D.C.W.D.Ark., 137 F.Supp. 442; Rule 56, Federal Rules of Civil Procedure. Ultimately the United States filed a motion for summary judgment, and that motion is now before the Court for determination on the basis of the record and of the briefs of the parties in support of and in opposition to the motion.

It is established without question that title to Fractional Section 1 involved in this action was in the United States on July 26, 1945, when it purchased said section from the Waldron Hardware & Mercantile Company. The only question is whether the defendant has since acquired title to the section, either (1) by adverse possession, or (2) by his purported tax title.

■ The defendant asserts that his adverse possession began on November 10, 1947, which was more than two years after the United States had acquired title to the land. Though the rule may sometimes seem harsh, it nevertheless is firmly established that adverse possession does not run againt the United States. United States v. State of California, 332 U.S. 19, 67 S.Ct. 1658, 91 L.Ed. 1889; Simmons v. Ogle, 105 U.S. 271, 26 L.Ed. 1087; Stull v. United States, 8 Cir., 61 F.2d 826; Nichols v. Council, 51 Ark. 26, 9 S.W. 305; Annotation, 55 A.L.R.2d 554, 563 et seq., and many cases therein cited. The only case cited by defendant in opposition to this rule is the case of Pepper v. Dunlap, 9 Rob., La., 283. This Court does not have access to the court's opinion in the Pepper case, but it has been cited many times as authority for the rule that adverse possession does not run against the United States. One example of this may be seen at page 565 of 55 A.L.R.2d, where it is said:

"No possession, however protracted, will confer title to the occupant, as against the government of the United States, to any part of the public domain. Pepper v. Dunlap, 1844, 9 Rob., La., 283, error dismissed 5 How. 51, 12 L.Ed. 46."

And again, in Pavell v. Berwick, D.C. La., 48 F.Supp. 246, 248, the court said:

"One cannot acquire land in Louisiana by the prescription of thirty years as against the United States. Pepper v. Dunlap, 9 Rob., La., 283."

See, also, Annotation, 76 American State Reports, 479.

No doubt defendant's contention is taken from the italized portion of the following statement in 2 C.J.S. Adverse Possession § 12, p. 524:

"Where title to land is in the United States, no title to such lands by prescription or adverse possession can be acquired under the legislation of a state. *It has been suggested that, where the government becomes the owner by purchase of lands within the limits of the state, already private property, for military purposes or otherwise, it might be that an adverse possessor could acquire title to such lands;* but nevertheless the rule that prescription does not run against lands the title to which is in the United States has been applied to land exempted from sales of public lands of the United States and reserved by the government to supply timber for naval purposes." (Emphasis added by Court.)

If, in fact, the Pepper case seeks to make a distinction between lands purchased or acquired by the United States as opposed to unpatented lands originally owned by the United States, the decision would not be in accord with subsequent decisions on the question. For example, in Jackson v. United States, 9 Cir., 56 F.2d 340, the United States obtained title by a deed from the Spring Valley Water Company. Nevertheless the court held that adverse possession would not affect the rights of the United States. A case of similar effect is United States v. Burnette, D.C.N.C., 103 F.Supp. 645, where the United States acquired title by condemnation, and the court applied the rule that adverse possession does not run against the United States. It would seem that the only type of case where adverse possession could ever affect the title of the United States would be a case where the adverse possession was complete prior to the time the United States acquired its title. See Stull v. United States, supra, at page 828 of 61 F.2d.

In the instant case the adverse possession, if any, of the defendant did not begin to run until more than two years after the United States had acquired title and, therefore, such adverse possession, if it existed, is wholly ineffective as against the United States.

The defendant's purported tax title is also invalid as against the United States. It has long been settled that the lands of the United States are not subject to taxation by the State. Van Brocklin v. State of Tenn., 117 U.S. 151, 6 S.Ct. 670, 29 L.Ed. 845. See, also, Mullen Benevolent Co. v. United States, 290 U.S. 89, 54 S.Ct. 38, 78 L.Ed. 192; Lee v. Osceola Improvement District, 268 U.S. 643, 45 S.Ct. 620, 69 L.Ed. 1133. Lacking the power to tax the United States, the State similarly lacked the power to sell the lands of the United States for nonpayment of taxes. Terry v. Starks, 221 Ark. 870, 256 S.W.2d 545; Deniston v. Burroughs, 209 Ark. 436, 190 S.W.2d 623; Duncan v. Board of Directors of Newport Levee District, 206 Ark. 1130, 178 S.W.2d 660.

Thus, the defendant's purported tax title is completely invalid as against the United States.

It follows from the above that the defendant has no valid title to the land in question and that, at least technically, he was trespassing upon Government property and removing Government timber. Therefore, there is no genuine issue a to any material fact, and plaintiff is legally [1] entitled to a judgment against the defendant in the sum of $244.60; is entitled to have the title to Fractional Section 1, Township 1 North, Range 33 West, Scott County, Arkansas, quieted in the United States; and is entitled to an injunction prohibiting the defendant from further trespass on said land.

A judgment in accordance with the above should be entered.

---

1. Although it is not a matter over which the Court has authority or jurisdiction, the Court does feel that the United States should give some consideration to reducing or eliminating the claim for damages if it is of the opinion that the defendant was acting in good faith and in the genuine belief that he had valid title to the land from which the timber was removed.