Charles W. SHERMAN, Jr. and Brett
Merkey, et al., Plaintiffs-Appellants,

v.

The BOARD OF REGENTS OF the
STATE OF FLORIDA et al.,
Defendants-Appellees.

No. 30903

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1971.

Michael F. Cycmanick, Jerome J. Bornstein, Law Offices of James M. Russ, Orlando, Fla., for plaintiffs-appellants.

James C. Clark, Gen. Counsel, Florida State Univ., Stephen Marc Slepin, Gen. Counsel, Rivers Buford, Jr., Gen. Counsel, State of Florida Board of Education, Tallahassee, Fla., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

RONEY, Circuit Judge:

■ This is an appeal from a dismissal of a complaint alleging that the governing body of the Florida university system, the Board of Regents, had unconstitutionally denied the Young Socialist Alliance recognition as a student organization at Florida State University. The complaint challenged the constitutionality of Chapter 240, Florida Statutes, F.S.A., which establishes the Board of Regents.

A temporary injunction was denied without prejudice and a Three-Judge

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

court was convened. The Three-Judge court dissolved itself on the finding that the alleged unconstitutional result came from certain administrative acts taken by defendants under a statute that was not itself constitutionally defective and presented no three-judge district court question.[1] Apparently no appeal was taken from the Three-Judge order.

Thereafter the single judge district court in a brief order stated that the Three-Judge District Court had held that the constitutional issues raised were insubstantial and that all the relief sought had been determined by the Three-Judge Court. Without further explanation the complaint was dismissed.[2]

The order of the Three-Judge Court only held that unconstitutional results of a constitutional statute are not the concern of a three-judge court and we do not read it as disposing of all of the claims presented. Accordingly, reliance on the Three-Judge Court order of dissolution as authority for dismissal was misplaced.

Under the circumstances of the case, the district court would have jurisdiction to consider any relief to which plaintiffs might be entitled which did not involve the constitutionality of the statute itself. It does not appear that the plaintiffs had a full opportunity to present such claims.

Although not stated by the district court, it may be that the complaint was dismissed for failure to state a claim upon which relief can be granted. We express no opinion as to whether the complaint stated sufficient facts to entitle them to any of the relief claimed. However, if this was the basis for the dismissal, plaintiffs should have an opportunity to amend their complaint. Rule 15, F.R.Civ.P.

Reversed and remanded.

---

1. ORDER DISSOLVING THREE-JUDGE DISTRICT COURT

There is here presented an attack on the allegedly unconstitutional result of certain administrative action taken by the defendants by virtue of a policy regulation adopted by the defendants under Chapter 240 of the Statutes of the State of Florida.

An unconstitutional result obtained by the use of a statute where the statute itself is not unconstitutional presents no Three-Judge District Court question. The acts complained of are not " * * * directly attributable to the statute." Ex parte Bransford, 1939, 310 U.S. 354, 361, 60 S.Ct. 947, 84 L.Ed. 1249. A Three-Judge District Court procedure is extraordinary and imposes a heavy burden on the Federal Courts with attendant expense and delay and is not to be lightly extended. Oklahoma Gas and Elec. Co. v. Oklahoma Packing Company, 1940, 292 U.S. 386, 54 S.Ct. 732, 78 L.Ed. 1318.

Accordingly, the Three-Judge District Court convened in the within matter is dissolved and future proceedings are left for decision by the single District Judge before whom the case was filed.

2. ORDER

This cause came on to be heard before a duly constituted Three-Judge Court on August 24, 1970, pursuant to notice on pending motions. On August 31, 1970, it was ordered that the Three-Judge Court be dissolved and the cause remitted to the initiating single District Judge for future proceedings. See Ex Parte Bransford, 1939, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249. The Three-Judge Court held the federal constitutional issues raised were insubstantial and accordingly the panel was dissolved. See Mayhue v. Meikeljohn, 426 F.2d 142, 5th Cir. 1970.

Having now before it plaintiffs' complaint and prayer for relief, this Court finds that sitting as a single Judge it could only entertain plaintiffs' request for temporary restraining order, which relief was denied by order of date June 29, 1970. All other relief sought in the complaint was properly heard and determined by the Three-Judge Court. See Stratton v. St. Louis Southwestern Ry. (1930), 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135; Smith v. Wilson (1927), 273 U.S. 388, 47 S.Ct. 385, 71 L.Ed. 699.

Therefore, it having been determined that plaintiffs are not entitled to the declaratory and injunctive relief as prayed for, it is

ORDERED:

[1] Plaintiffs' complaint be and the same hereby is dismissed.