**FEDERAL RESERVE BANK OF ST. LOUIS, Plaintiff,**

v.

**CITY OF MEMPHIS et al., Defendants.**

Civ. No. 79-2024 B.

United States District Court,
W. D. Tennessee, W. D.

Sept. 25, 1979.

Thomas R. Prewitt, Jr., S. Russell Headrick, Memphis, Tenn., for Federal Reserve Bank of St. Louis.

Preston Wilson, Asst. City Atty., Memphis, Tenn., for City of Memphis.

ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF

BAILEY BROWN, Circuit Judge, Sitting by Designation.

The plaintiff brought this action seeking a declaratory judgment as to whether a special assessment levied by the city of Memphis violates the plaintiff's general immunity from taxation as provided by 12 U.S.C. § 531. Both the plaintiff and the defendants have filed motions for summary judgment. The facts are undisputed.

The plaintiff owns certain property which is located within the Memphis Central Business Improvement District, a district created by municipal ordinance as authorized by T.C.A. § 6–3901 *et seq.* The Central Business Improvement Act of 1971, T.C.A. § 6–3901 *et seq.*, grants municipalities the powers necessary to improve and modernize their downtown areas. Such improvements are financed through special assessments levied against the real property in the district.

Pursuant to this statutory authority, the city of Memphis notified the plaintiff that its property was subject to a special assessment to finance the construction costs of certain improvements in the downtown area. The plaintiff contends that such an assessment is contrary to the general tax immunity granted to the federal reserve banks by 12 U.S.C. § 531. That statute provides:

> Federal reserve banks, including the capital stock and surplus therein and the income derived therefrom, shall be exempt

from Federal, State and local taxation, except taxes upon real estate.

The sole issue presented in this case is whether a special assessment is a tax on real estate and, therefore, falls within the exception to 12 U.S.C. § 531.

The Eighth Circuit has confronted this same issue in construing similar statutes in which Congress has waived the immunity of a federal instrumentality from real estate taxes. *United States v. City of Adair*, 539 F.2d 1185 (8th Cir. 1976); *Board of Directors v. Reconstruction Finance Corporation*, 170 F.2d 430 (8th Cir. 1948). In each case, the court held that the waiver of immunity from real estate taxes did not extend to special assessments on real property.

We find the rationale of these cases to be persuasive. The immunity of federal instrumentalities from taxation includes immunity from special assessments on property. *See Mullen Benevolent Corporation v. United States*, 290 U.S. 89, 54 S.Ct. 38, 78 L.Ed. 192 (1933); *Lee v. Osceola & Little River Improvement District*, 268 U.S. 643, 45 S.Ct. 620, 69 L.Ed. 1133 (1925). Thus, in the absence of express Congressional consent, a state or local government cannot levy a tax against the United States or its property. *Chrysler Corporation v. Township of Sterling*, 410 F.2d 62 (6th Cir. 1969). Historically, courts have distinguished special assessments against real property from taxes on real property. *See Illinois Central Railroad Co. v. Decatur*, 147 U.S. 190, 13 S.Ct. 293, 37 L.Ed. 132 (1883). Given this distinction, the waiver of the immunity of a federal instrumentality from taxes on real estate cannot be characterized as an express waiver of its immunity from special assessments. Accordingly, we conclude that a special assessment is not a tax on real property within the meaning of 12 U.S.C. § 531. Therefore, a federal reserve bank is not liable for special assessments against its property. *Federal Reserve Bank of Minneapolis v. City of Minneapolis*, No. 4–66–Civ. 352 (D.Minn. April 19, 1967).

For these reasons, the plaintiff's motion for summary judgment is hereby granted.

The Clerk is directed to enter a judgment declaring that the plaintiff is not liable under 12 U.S.C. § 531 for special assessments levied against its property.

It is so ORDERED.